UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JAMI PRZYBYLINSKI,

       Plaintiff,

                                                File No.  1:05-CV-857

v.

                                                HON. ROBERT HOLMES BELL

CSX TRANSPORTATION INC.,

       Defendant.
                                              /

**O P I N I O N**

       This matter is before the Court on Defendant CSX Transportation Inc.'s motion for summary judgment.  (Def.'s Mot. for Summ. J., Docket #14.)  Plaintiff Jami Przybylinski filed this lawsuit under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60. In the course of reporting for work, Plaintiff was crossing a walkway on a bridge operated by Defendant when Plaintiff fell and was injured.  Plaintiff alleges that the fall was the result of Defendant's negligence and carelessness.  Defendant contends that it is entitled to summary judgment because Plaintiff cannot establish: that Defendant breached its duty to provide a reasonably safe walkway, that Defendant knew about the allegedly unsafe condition, or that Defendant's alleged negligence caused her injury.  For the reasons that follow, the Court grants in part and denies in part Defendant's motion for summary judgment.

**I.**

Defendant operates a railroad system, which includes the St. Joseph Bridge in St. Joseph, Michigan. The St. Joseph Bridge rests on a vertical column at the center of the bridge. This enables boat traffic to pass the bridge because the swing span of the bridge pivots on the column. When the bridge is not pivoted to permit the passage of boat traffic, the bridge carries rail traffic across the St. Joseph River.

The bridge is operated from a control house that is located on the swing span. The control house is operated by bridge tenders who are employed by Defendant. The bridge tenders and other employees access the control house via a walkway that adjoins the railroad track. The walkway is constructed of pieces of metal grating that are approximately twenty feet long. The metal grating is attached to railroad ties with dome-head lags and three-eighth inch lag screws.

On October 17, 2004, Plaintiff was employed by Defendant as a bridge tender at the St. Joseph Bridge. On that day at approximately 8:00 a.m., Plaintiff was crossing the walkway on the St. Joseph Bridge to report for work. While Plaintiff was crossing the walkway she fell and was injured.

**II.**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must

look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If Defendant carries its burden of showing there is an absence of evidence to support a claim, then Plaintiff must demonstrate by affidavits, depositions, answers to interrogatories and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986).

In considering a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in favor of the nonmoving party. *Minges Creek, L.L.C. v. Royal Ins. Co. of Am.*, 442 F.3d 953, 955-56 (6th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587). Nevertheless, the mere existence of a scintilla of evidence in support of Plaintiff's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return a verdict for Plaintiff. *Id.*; *see generally*, Street v. J.C. Bradford & Co., 886 F.2d 1472, 1476-80 (6th Cir. 1989).

**III.**

Section 1 of the FELA provides that:

Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
. . .

45 U.S.C.A. § 51 (West 1986 & Supp. 2006). "[A] FELA plaintiff asserting a cause of negligence against [her] employer 'must prove the traditional common law elements of negligence: duty, breach, foreseeability, and causation.'" *Hardyman v. Norfolk & W. Ry.*, 243 F.3d 255, 258 (6th Cir. 2001) (quoting *Adams v. CSX Transp.*, 899 F.2d 536, 539 (6th Cir. 1990)).

> A plaintiff must present more than a scintilla of evidence to prove that (1) an injury occurred while the plaintiff was working within the scope of his or her employment with the railroad, (2) the employment was in the furtherance of the railroad's interstate transportation business, (3) the employer railroad was negligent, and (4) the employer's negligence played some part in causing the injury for which compensation is sought under the Act.

*Aparicio v. Norfolk & W. Ry.*, 84 F.3d 803, 810 (6th Cir. 1996) (citing *Green v. River Terminal Ry.*, 763 F.2d 805, 808 (6th Cir. 1985)). There is no dispute that Plaintiff was an employee of Defendant and that Plaintiff's alleged injury occurred within the scope of her employment with Defendant.

"Although the FELA provides a remedy that parallels common law negligence cases, the statute has been 'liberally construed . . . to further Congress' remedial goal' of holding railroads responsible for the physical dangers to which their employees are exposed." *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 588 (6th Cir. 2001) (quoting *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543 (1994)) (omission in original). "That FELA is to be liberally construed, however, does not mean that it is a workers' compensation statute." *Gottshall*, 512 U.S. at 543. The FELA "'does not make the employer the insurer of the safety

4

of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur.'" *Id.* (quoting *Ellis v. Union Pac. R.R.*, 329 U.S. 649, 653 (1947)).

Defendant contends that it is entitled to summary judgment because Plaintiff cannot prove breach, foreseeability or causation.

**A.  Breach**

Under the FELA, Defendant had a duty to "'furnish its employees with a reasonably safe place to work, but the rule does not contemplate absolute elimination of all dangers, but only the elimination of those dangers which could be removed by reasonable care on the part of the employer.'" *Padgett v. Southern Ry.*, 396 F.2d 303, 306 (6th Cir. 1968) (quoting *Bridger v. Union Ry.*, 355 F.2d 382, 386 (6th Cir. 1966)).  Plaintiff does not allege that the walkway had a design flaw, rather, Plaintiff contends that the walkway had not been properly maintained.  (Pl.'s Br. in Opp'n, Docket #18, at 7.)  Specifically, Plaintiff alleges that the fasteners that held the metal grating in place on the walkway had become loose and as a result the seam between the different pieces of metal grating was uneven.

Defendant contends that it is entitled to summary judgment because Plaintiff has offered no evidence to indicate that the walkway was not reasonably safe.  Defendant directs the Court to the deposition of Wayne Larr, who is a bridge foreman employed by Defendant. (Larr Dep., Def.'s Br. in Supp., Docket #15, Ex. 5.)  Mr. Larr inspected the walkway the day after Plaintiff fell and did not find any problems with the walkway.  (Larr. Dep. 28:12-21, 36:21-37:24.)  Mr. Larr also stated that none of the fasteners on the walkway were tightened

5

subsequent to Plaintiff's fall. (*Id.* at 29:23-30:5.) In response, Plaintiff directs the Court to a section of her deposition which does identify some general problems with the walkway; however, in that section the time-frame to which Plaintiff is referring to is unclear. (Przybylinski Dep.74:14-75:4, Pl.'s Br. in Opp'n, Ex. 1.) Plaintiff may have been referring to the condition of the bridge before she was injured or to the condition of the bridge after repairs that were allegedly made subsequent to her injury.

Plaintiff also directs the Court to a report prepared by Joseph Capriglione. Mr. Capriglione is Plaintiff's supervisor. On the day of the accident Mr. Capriglione inspected the walkway and prepared a report. (Capriglione's Report, Pl.'s Br. in Opp'n, Ex. 4.) Mr. Capriglione found that at the point where Plaintiff tripped, one of the grating panels was not securely attached. (Capriglione's Report 2.) Mr. Capriglione's also found that the ribs of one of the grating panels near where Plaintiff tripped were broken and missing. (*Id.*)

Plaintiff in effect alleges that the walkway could have been rendered reasonably safe by the proper maintenance of the walkway. This contention is supported by Plaintiff's deposition testimony and Mr. Capriglione's report, but it is contradicted by Mr. Larr's testimony. Therefore, there is a genuine issue of material fact as to whether Defendant breached its duty to provide a reasonably safe place to work.

**B. Foreseeability**

"'Reasonable foreseeability of harm is an essential ingredient of Federal Employers' Liability Act negligence.'" *Green*, 763 F.2d at 808 (quoting *Gallick v. Balt. & Ohio R.R.*, 372 U.S. 108, 117 (1963)). "'[T]he test for foreseeability does not require that the negligent person should have been able to foresee the injury in the precise form in which it in fact occurred. Rather it is sufficient if the negligent person might reasonably have foreseen that an injury might occur . . . .'" *Aparicio*, 84 F.3d at 814 (quoting *Green*, 763 F.2d at 808).

Plaintiff alleges that Defendant had notice from several sources that the conditions on the walkway could lead to injury. Plaintiff alleges that a derailment in 2004 damaged the bridge and that the damage done to the walkway by the derailment was not repaired. Plaintiff also alleges that prior to her injury she advised Mr. Larr and Tom Masters, who is also a bridge tender, that the walkway was in need of repair. (Przybylinski Dep. 40:8-41:24, Def.'s Br. in Supp., Ex. 2.) Though Plaintiff testified that Mr. Masters told her that he advised a manager, Plaintiff does not know what information Mr. Masters relayed to the manager. (*Id.* at 40:8-20.) At his deposition Mr. Larr acknowledged that Plaintiff had advised him that a section of the walkway was in need of repair. (Larr Dep. 27:16-24.) The area that Plaintiff identified to Mr. Larr as being in need of repair was in a different part of the walkway than the where Plaintiff was injured. (*Id.*) Moreover, the problem which Plaintiff had told Mr. Larr about was repaired prior to Plaintiff's injury. (*Id.*)

7

At her deposition Plaintiff testified that she had advised Mr. Masters and Mr. Larr of the same problem. (Przybylinski Dep. 40:8-41:24.) Thus, the problem that Plaintiff had reported was repaired prior to Plaintiff being injured. Plaintiff's deposition testimony could be construed to identify two separate problems with the walkway. In order for notice to create reasonable foreseaability under the FELA, Plaintiff's supervisors must have been advised of the condition. *Basinger v. CSX Transp.*, No. 94-3908, 1996 U.S. App. LEXIS 19139, at *15-16 (6th Cir. July 16, 1996) (unpublished). *Cf. Empey v. Grand Trunk W. R.R.*, 710 F. Supp. 653, 664 (E.D. Mich. 1987) ("[I]t is beyond question that notice of an employee's physical condition to any of the employee's supervisors constitutes notice to the railroad itself."). If the problem of which Plaintiff had advised Mr. Masters was different than the problem of which she had advised Mr. Larr, that is insufficient to create reasonable foreseeability because Mr. Masters was not a supervisor. Even if Plaintiff's deposition testimony is construed as identifying two separate problems, that is not sufficient for there to be a genuine issue of material fact as to reasonable foreseeability. Plaintiff has not presented any other evidence that her injury was reasonably foreseeable. Therefore, Defendant is entitled to summary judgment on the question of reasonable foreseeability.

### C. Causation

On the question of causation in a FELA case, a jury question is created if: the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to

8

> determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due "in whole or in part" to its negligence.

*Rogers v. Miss. Pac. R.R.*, 352 U.S. 500, 506-07 (1957) (footnotes omitted); *accord Hardyman*, 243 F.3d at 259. A minimal scintilla of evidence may be sufficient to create a jury question, but speculation about causation is not. *Kuberski v. N.Y. Cent. R.R.*, 359 F.2d 90, 92 (2d Cir. 1966); *see also Green*, 763 F.2d at 807 ("'Speculation cannot supply the place of proof.'" (quoting *Moore v. Chesapeake & Ohio Ry.*, 340 U.S. 573, 576 (1951))). Also, railroads generally are not liable for "vagaries of the weather or climatic conditions . . . ." *Raudenbush v. Balt. & O. R. Co.*, 160 F.2d 363, 366 (3d Cir. 1947)

At her deposition, Plaintiff testified that she may have tripped as a result of a dome-head lag, a bolt, a nail or the grating. (Przybylinski 54:14-18.) On the "Incident Report" Plaintiff completed shortly after she fell, Plaintiff stated that a "strong gust of cross-wind caught [her] off balance" and that when she stepped for footing she tripped on the grating or on a bolt. (Incident Report, Def.'s Br. in Supp., Ex. 3.)

If the wind caused Plaintiff's fall, Defendant would not be liable. *See Raudenbush*, 160 F.2d at 366. Of the remaining conditions, Plaintiff has listed several aspects of the walkway, but has not identified a specific cause. Without identifying which aspect or combination of aspects allegedly caused her injury, Plaintiff's contentions only amount to

9

speculation that one of the identified aspects of the bridge caused her to fall. Speculation about the cause of her fall is insufficient. The proof required to create a jury question on causation under the FELA is minimal, but speculation is insufficient to meet this minimal burden. Therefore, Defendant is entitled to summary judgment on the question of causation.

**IV.**

Defendant's motion for summary judgment is granted in part as to whether Defendant reasonably foresaw the alleged defects in the walkway and as to whether Defendant's alleged negligence caused Plaintiff's injury. Defendant's motion is denied in part as to whether Defendant breached its duty to provide a reasonably safe walkway. Plaintiff cannot prevail on her claim under the FELA because Defendant is entitled to summary judgment on two of the elements required for a claim under the FELA. As Plaintiff cannot prevail on her only claim, judgment will be entered in favor of Defendant. A judgment will be entered consistent with this opinion.


Date:     May 16, 2007            /s/ Robert Holmes Bell
                                  ROBERT HOLMES BELL
                                  CHIEF UNITED STATES DISTRICT JUDGE